UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                      Case No. 8:99-CR-367-T-27TBM

**LAODE NASIRUN**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* "Request for Consideration for a Reduction of Sentence Due to 'Extraordinary and Compelling Reasons,' Pursuant to 18 U.S.C. § 3582 (c)(1)(A), the Compassionate Release Provision, as Amended by Section 603 of the First Step Act." (Dkt. 152). The request is construed as a motion for compassionate release under § 3582 (c)(1)(A) and Section 603 of the First Step Act. A response is unnecessary. The construed motion is **DENIED**.

On August 16, 2002, under the mandatory sentencing guidelines, Defendant was sentenced to four life sentences after being convicted of conspiracy to import five or more kilograms of cocaine into the United States, importation of five or more kilograms of cocaine into the United States, conspiracy to distribute five or more kilograms of cocaine, and possession with intent to distribute five or more kilograms of cocaine. His convictions and sentences were affirmed. *See United States v. Nasirun*, 76 F. App'x 282 (11th Cir. 2003), *cert. denied*, *Nasirun v. United States*, 541 U.S. 905 (2004).

Defendant seeks compassionate release based on what he contends are "extraordinary and

compelling" reasons.[1] Essentially, construing his motion liberally, he contends that a sentence reduction is warranted because if sentenced today, he would receive a substantially lower sentence than what the mandatory guidelines called for. He contends that under the First Step Act the court has discretion to reduce his sentence for reasons that "need not involve only medical, elderly, or family circumstances." He is mistaken. There is no statutory authority for reducing his sentences for the reasons he advances.

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies for the failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion. *See* First Step Act of 2018, § 603(b). Importantly, other than authorizing a defendant

---

[1] Section 3582 (c)(1)(A) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) *extraordinary and compelling reasons warrant such a reduction*; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . (emphasis added).

to file a motion for relief, § 3582(c)(1)(A) remains unchanged after the First Step Act.

While the compassionate release provision in § 3582(c)(1)(A) provides for a sentence reduction for a defendant based on "extraordinary and compelling circumstances," the reduction must still be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t). The Sentencing Commission was directed to promulgate the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons. *Id.*

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list three criteria for consideration as extraordinary and compelling circumstances under § 3582(c)(1)(A): (1) medical condition; (2) advanced age (at least 65 years old); and (3) family circumstances. § 1B1.13, cmt. n. 1(A)-(C). Defendant does not meet any of these criteria. Rather, he relies on application note cmt. 1 (D), "Other Reasons." Application note 1 (D) provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. *Id.* n.1(D) (emphasis added).[2]

Defendant relies on the change in the law resulting from *United States v. Booker*, 543 U.S. 220 (2005), contending that he would be sentenced to a lesser sentence if sentenced today. Specifically, he contends that under the post-*Booker* non-binding guidelines, he "would receive a downward variance" to "approximately 305 months." He reasons that a sentence reduction is

---

[2] I acknowledge the thoughtful analysis of my colleague in the Southern District of Georgia in *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019).

3

warranted because he is 63 years old, has no release date, was a first time offender when sentenced, and was sentenced for a non-violent offense. He cites his rehabilitative efforts, lack of prison disciplinary incidents, low risk of recidivism, immigration status, lack of familial ties to the United States, and the cost of incarceration. None of these reasons, however, are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the three criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13.

In conclusion, while the First Step Act authorizes a court to reduce a term of imprisonment under § 3582(c)(1)(A) on motion of a defendant based on "extraordinary and compelling" reasons, any reduction must be consistent with the policy statements of the Sentencing Commission. The application notes to § 1B1.13 explain that "extraordinary and compelling reasons" exist when a defendant is at least 65 years old, is experiencing deteriorating health due to aging, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. U.S.S.G. § 1B1.13, cmt. n.1(B). Defendant does not meet this criteria and therefore the court is without authority to grant relief.

**DONE AND ORDERED** this 11th day of February, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant, Counsel of Record

4